IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HUMBERTO VIRGEN-MORENO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | CIV-06-53-M |
| v. ) | |
| ) | |
| JOSEPH SCIBANA, Warden, ) | |
| ) | |
| Respondent. ) | |

REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[1]  For the following reasons, it is recommended that the Petition be DISMISSED without prejudice for lack of jurisdiction.

In his Petition and Memorandum of Law in Support of the Petition, Petitioner asserts that he is challenging the judgments of conviction and sentences entered against him in 1998 in the United States District Court for the Northern District of Texas following his guilty plea

---

[1] Rule 4 is applied in the discretion of the undersigned to this 28 U.S.C. § 2241 habeas proceeding. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

1

to charges of conspiracy to possess with intent to distribute methamphetamine (count one), conspiracy to possess with intent to distribute cocaine (count two), and conspiracy to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce which involved the proceeds of the unlawful drug activities charged in count one (count three). Petitioner states that he did not appeal his convictions in this case because he waived his right to appeal and that he filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the sentencing court, which was denied, and the denial was affirmed by the Fifth Circuit Court of Appeals in February 2001.

In the six grounds for relief asserted in the Petition, Petitioner challenges on constitutional grounds various enhancements of his sentence, special assessments imposed at sentencing, and the voluntariness of his plea. Petitioner also contends that his Sixth Amendment right to effective assistance of counsel was denied with respect to his guilty plea and sentencing. By filing the instant Petition seeking relief from his convictions and the sentences imposed for those convictions under 28 U.S.C. § 2241, Petitioner has misconstrued the availability of relief in this Court from his federal sentences entered in Texas.

The habeas corpus petition under 28 U.S.C. § 2241 is available to a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The § 2241 petition does not, however, encompass claims of unlawful detention based on the conviction or sentence of a federal prisoner. For collateral attacks on the validity of a federal judgement of conviction or sentence, Congress enacted the 28 U.S.C. § 2255 motion to vacate, which must be brought in the court in which the conviction or

sentence was entered. United States v. Hayman, 342 U.S. 205, 216 (1952); McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997). In Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996), the Tenth Circuit Court of Appeals explained the difference between the two statutory provisions. As the appellate court explained, "[a] 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence." Id. at 166 (citations omitted). By contrast, the § 2241 petition "attacks the execution of a sentence rather than its validity....It is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." Bradshaw, 86 F.3d at 166.

The 28 U.S.C. § 2255 motion to vacate is the sole remedy for a federal prisoner to challenge the validity of his or her federal criminal conviction or sentence unless the § 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention." 28 U.S.C. § 2255; see Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir. 1965)("The exclusive remedy for testing the validity of a [federal] judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."). It is the petitioner's burden to show that the § 2255 remedy is inadequate or ineffective, and the § 2255 remedy has been found to be inadequate or ineffective in only "extremely limited circumstances." Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999).

Petitioner admits that he previously sought and was denied relief in a § 2255 proceeding in the sentencing court. The fact that relief was denied in Petitioner's previous § 2255 proceeding or that he is procedurally barred from filing a successive § 2255 motion does not render the § 2255 remedy inadequate or ineffective. See Bradshaw, 86 F.3d at 166

("Failure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective.")(quotation omitted); accord, Caravalho, 177 F.3d at 1178-1179 (finding § 2255 remedy was not ineffective or inadequate where procedural obstacles set forth in Antiterrorism and Effective Death Penalty Act barred petitioner from bringing successive § 2255 motion). Accordingly, because Petitioner's exclusive remedy for bringing his challenge to his convictions is a motion to vacate under 28 U.S.C. § 2255 and because Petitioner has not shown that the § 2255 remedy is inadequate or ineffective, the Petition should be dismissed without prejudice for lack of jurisdiction. See Gibson v. Fleming, No. 01-6198, 2001 WL 1573669 (10th Cir. Dec. 11, 2001)(unpublished op.)(court should have dismissed § 2241 habeas petition without prejudice for lack of jurisdiction where petition challenged federal conviction or sentence and petitioner did not show § 2255 remedy was inadequate or ineffective).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DISMISSED without prejudice for lack of jurisdiction. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by     February 9th    , 2006, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this ___20th___ day of ___January___, 2006.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE